UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP SECURITIES LITIGATION | Civil Action No. 12-cv-05724-JGK |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO JULIO TARDIO'S MOTION FOR RELIEF FROM THE COURT'S LEAD PLAINTIFF ORDER PURSUANT TO FED. R. CIV. P. 60(b)(6)**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION ............................................................................................................................... 1
PROCEDURAL HISTORY ................................................................................................................. 2
ARGUMENT ....................................................................................................................................... 4

    I.  TARDIO'S MOTION SHOULD BE DENIED BECAUSE HE FAILS TO MAKE ANY SHOWING THAT HE IS AN ADEQUATE LEAD PLAINTIFF UNDER THE PSLRA ................................................................................................. 5

    II.  MPS, AS COURT-APPOINTED LEAD PLAINTIFF UNDER THE PSLRA, IS ENTITLED TO CONTROL LITIGATION STRATEGY ........................ 6

CONCLUSION .................................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*City of Pontiac Gen. Emps. Ret. Sys. v. Lockheed Martin Corp.*,
   844 F. Supp. 2d 498 (S.D.N.Y. 2012).................................................................................. 5-6

*Harold Roucher Trust v. Franklin Bank Corp.*,
   No. 08-cv-1810, 2009 WL 1941864 (S.D. Tex. July 6, 2009) ....................................6, 7, 9, 10

*Hevesi v. Citigroup, Inc.*,
   366 F.3d 70 (2d Cir. 2004)...................................................................................................6, 10

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
   No. 09-mdl-2058, 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ...........................................7, 8

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
   No. 10-cv-275 (PKC), 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011)......................................8

*In re IMAX Sec. Litig.*,
   No. 06-cv-6128, 2011 WL 1487090 (S.D.N.Y. Apr. 14, 2011) ..............................................10

*In re Lehman Bros. Sec. & ERISA Litig.*,
   No. 09-mdl-2017 (LAK) (S.D.N.Y. Apr. 24, 2009), Dkt. No. 86. ........................................8, 9

*Levitt v. Rogers*,
   257 F. App'x 450 (2d Cir. 2007) ...............................................................................................5

**RULES & STATUTES**

Fed. R. Civ. P. 15(a) ........................................................................................................................9

Fed. R. Civ. P. 23(a) ........................................................................................................................4

Fed. R. Civ. P. 60(b)(6)....................................................................................................................3

15 U.S.C. § 78u-4 .............................................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .........................................................................................3, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).............................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...................................................................................................5

Lead Plaintiff Mineworkers' Pension Scheme ("MPS") respectfully submits this memorandum of law in opposition to movant Julio Tardio ("Tardio")'s motion under Fed. R. Civ. P. 60(b)(6) for relief from the Court's October 25, 2012 Pretrial Order No. 1 ("Lead Plaintiff Order"), Dkt. No. 22.

## INTRODUCTION

MPS is the Court-appointed Lead Plaintiff in this securities fraud action against New Oriental Education & Technology Group, Inc. ("EDU" or the "Company") and certain of its officers (collectively, "Defendants"). After conducting a thorough investigation of the facts and due consideration of all potential claims against Defendants, MPS filed the Consolidated Class Action Complaint (the "Complaint"), seeking to represent a class of injured EDU investors. As with any class action, it was incumbent on MPS, as Lead Plaintiff, to define the class in the manner it believed most likely to lead to a successful result. By Tardio's present motion, he not only seeks to second-guess that decision-making, but further asks the Court to appoint him as co-lead plaintiff and his counsel, Faruqi & Faruqi LLP, as co-lead counsel. Tardio presents no evidence or authority supporting the relief he requests, and if his motion were allowed it would set a bad precedent opening the floodgates to motions challenging virtually every litigation decision made by a lead plaintiff, which can always be characterized as not acting in the best interest of the class or some portion thereof (e.g., which defendants to sue, which claims to bring, which claims to release or dismiss, when to start and end class periods, etc.). Tardio's motion should therefore be denied.

Prior to the appointment of MPS as Lead Plaintiff, counsel for Tardio conferred with counsel for MPS ("Lead Counsel") regarding representation of EDU options traders. At that point in time, Lead Counsel was in the midst of investigating the facts and potential claims against Defendants, and had not yet prepared or filed any pleading in the action. During that

discussion, Lead Counsel informed counsel for Tardio that the investigation into the claims was ongoing, and never represented that it would define the class in any particular way. *See* Declaration of Kyle J. McGee in Opposition to Julio Tardio's Motion for Relief from the Court's Lead Plaintiff Order Pursuant to Fed. R. Civ. P. 60(b)(6) ("McGee Decl.") at ¶ 2.

The Complaint, in its present form, articulates the factual allegations and legal claims supported by Lead Plaintiff's investigation. MPS – as the Lead Plaintiff appointed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") on account of its having the greatest financial interest in the litigation – is entitled to control the course of this action and is protected in its strategic decision-making by the PSLRA, as explained below. To the extent that Tardio is dissatisfied with Lead Plaintiff's strategic decisions or conclusions, the proper course for Tardio is to bring his action on an individual basis. Tardio cannot, however, seek to insert himself, and his counsel, into the existing lead plaintiff structure in this action, based upon nothing but the present, flawed motion, which makes no showing whatsoever of the current Lead Plaintiff's inadequacy under the PSLRA, let alone Tardio's own adequacy. Tardio's motion should therefore be denied.

## PROCEDURAL HISTORY

This action arises under the Securities Exchange Act of 1934 ("Exchange Act"). The initial complaint in this District was filed on July 25, 2012 by plaintiff Jennifer Sax. *See* Dkt. No. 1. A substantively identical complaint was filed in this District on August 3, 2012 by plaintiff Matthew Gabel.[1] In both of those complaints, the plaintiffs sought to represent a class of EDU investors that purchased EDU American Depositary Shares ("ADS") between July 21, 2009 and July 17, 2012, inclusive. A third complaint was filed in this District by plaintiff Julio Tardio on August 29, 2012, in which Tardio made substantively identical factual allegations but

---

[1] *See Gabel v. New Oriental Educ. & Tech. Grp., Inc., et al.*, No. 12-cv-05963-JGK (S.D.N.Y. Aug. 3, 2012).

sought to represent EDU investors that bought or sold EDU option contracts in addition to EDU ADS securities.[2] Tardio's complaint also sought to represent investors over a longer class period, for which there is no factual support: whereas Sax's and Gabel's complaints each asserted a class period of July 21, 2009 to July 17, 2012 (consistent with the end-date of the present Complaint), Tardio asserted a class period of July 21, 2009 to July 23, 2012.

Several parties moved for appointment as lead plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4, on September 21, 2012. Following these motions, the movants met and conferred because it was obvious that MPS clearly had the largest financial interest in the litigation, and was therefore the most adequate plaintiff under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). All movants further agreed that there was no reason to believe MPS would not fairly and adequately represent the interests of injured EDU investors, as provided in the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Therefore, the movants entered into a stipulation endorsing MPS's application for appointment as lead plaintiff and withdrawing the other applications, which the Court entered on October 25, 2012. *See* Lead Plaintiff Order.

MPS filed its Complaint on December 10, 2012, as contemplated in the schedule approved by the Court in the Lead Plaintiff Order. Defendants filed their motion to dismiss the Complaint on January 25, 2013, and MPS filed its opposition to that motion on March 1, 2013. Defendants are expected to file their reply to MPS's opposition on March 29, 2013. *See* Lead Plaintiff Order at ¶¶ 9-13.

Tardio filed his motion for relief from the Court's Lead Plaintiff Order appointing MPS as lead plaintiff, pursuant to Fed. R. Civ. P. 60(b)(6), on March 8, 2013 (the "Rule 60 Motion"). *See* Dkt. No. 31.

---

[2] *See Tardio v. New Oriental Educ. & Tech. Grp., Inc. et al.*, No. 12-cv-06619-JGK (S.D.N.Y. Aug. 29, 2012).

## ARGUMENT

Movant Tardio's Rule 60 Motion is facially defective, and provides no support for the relief he requests. *First*, Tardio fails entirely to demonstrate that he or his counsel satisfy the PSLRA's conditions for appointment as lead plaintiff or lead counsel. There is no basis, therefore, for this Court to grant Tardio the relief he seeks. It is uncontested that MPS has the largest financial interest in the litigation, and Tardio presents no evidence that MPS is in any way unfit for the role of Lead Plaintiff, or that he is fit for such a role under Federal Rule of Civil Procedure 23(a). *Second*, MPS, as Court-appointed Lead Plaintiff under the PSLRA, is entitled to control litigation strategy in this action, including defining the parameters of the class. As the Court-appointed Lead Plaintiff, MPS is entitled to direct the course of the litigation on behalf of those injured by Defendants' conduct, as alleged in the Complaint. The PSLRA precludes Tardio from interfering with MPS's exercise of its right to proceed in the strategic direction it chooses. Further, contrary to Tardio's bald assertions, MPS has not foreclosed the potential to include options traders as part of the class in this case, but it should be permitted to make that decision based on its own strategic considerations and the outcome of its continuing investigations and discovery. Lead Counsel did not concede – as Tardio suggests – that they will never seek to amend the Complaint should facts turn up in discovery that would warrant that relief.[3] Therefore, the Court should deny Tardio's Rule 60 Motion in its entirety.

---

[3] Indeed, to support this notion that Lead Plaintiff purportedly will never amend, Tardio cites only to the letter Lead Counsel sent to defense counsel confirming that the Lead Plaintiff would not seek to amend the Complaint in response to the Defendants' motion to dismiss – a procedure which this Court put in place at the initial status conference. *See* Memorandum of Law in Support of Julio Tardio's Motion for Relief from the Court's Lead Plaintiff Order Pursuant to Fed. R. Civ. P. 60(b)(6) ("Tardio Br.") at 4 (citing Ex. C to Gonnello Decl.) and 6 (misciting Ex. D to Gonnello Decl.). But Lead Counsel specifically informed Tardio's counsel that it might seek to amend to add a subclass of options traders to the class, if further investigation and discovery warranted. *See* McGee Decl. at ¶4.

**I.    TARDIO'S MOTION SHOULD BE DENIED BECAUSE HE FAILS TO MAKE ANY SHOWING THAT HE IS AN ADEQUATE LEAD PLAINTIFF UNDER THE PSLRA**

The PSLRA provides that the presumptively most adequate plaintiff for the role of lead plaintiff is the movant with the largest financial interest in the outcome of the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Because no other plaintiff in this litigation was able to show that it had a financial interest greater than MPS in the lead plaintiff appointment process, MPS was appointed. *See* Lead Plaintiff Order at ¶ 5.

To rebut that presumption, Tardio would be required to prove that MPS "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render [MPS] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). While courts have occasionally found the presumption of adequacy rebutted, it occurs only in exceptional circumstances. For instance, in the "unique situation" in which an investor group did not initially have the largest financial interest but, because of certain statute of limitations problems, subsequently became the group with the largest interest, the presumption of adequacy was deemed rebutted. *Levitt v. Rogers*, 257 F. App'x 450, 452 (2d Cir. 2007). Tardio argues that the presumption has been rebutted not because MPS no longer has the largest financial interest in the litigation, and not because MPS has some irremediable conflict of interest with any EDU investors, but because he disagrees with certain of MPS's decisions in defining the class and directing the course of the litigation. This is simply not a legitimate basis for relief from the Lead Plaintiff Order.

Indeed, to achieve the result Tardio requests, the Court would be required to undertake a new analysis of the lead plaintiff provisions of the PSLRA based on new submissions by Tardio, and MPS – as well as Defendants – would have the capacity to oppose Tardio's contentions. *See, e.g., City of Pontiac Gen. Emps. Ret. Sys. v. Lockheed Martin Corp.*, 844 F. Supp. 2d 498,

5

501 n.3 (S.D.N.Y. 2012) (finding that "the Court is free to solicit the views of any interested party, including the defendants, in making this inquiry [into the satisfaction of the PSLRA's lead plaintiff requirements]").  But in his present motion, Tardio has done nothing to demonstrate his adequacy as lead plaintiff under the PSLRA, and so it should be denied outright.[4]  Nor is there any basis to engage in this distracting and unnecessary inquiry in the first place, because MPS is fully empowered to determine the course of the litigation according to its own strategic ideas based on the outcome of its own investigation.

## II.   MPS, AS COURT-APPOINTED LEAD PLAINTIFF UNDER THE PSLRA, IS ENTITLED TO CONTROL LITIGATION STRATEGY

It is well-settled that the Court-appointed Lead Plaintiff may direct the course of litigation in a suit proceeding under the Exchange Act.  *See, e.g.*, *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 83 n.13 (2d Cir. 2004) ("the main purpose of having a lead plaintiff" is "to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole").  Courts in this District routinely reject petitions by investors seeking to undermine the authority of a Court-appointed Lead Plaintiff by attempting to insert themselves in the plaintiffs' leadership structure, because such petitions generally run counter to the principles supporting the PSLRA's lead plaintiff construct.  This is unequivocally true of Tardio's motion.

Indeed, the only legal support Tardio advances for his position is an unreported opinion from the Southern District of Texas.  *See Harold Roucher Trust v. Franklin Bank Corp.*, No. 08-cv-1810, 2009 WL 1941864 (S.D. Tex. July 6, 2009) (where because of palpable conflicts of interest between preferred and common shareholders, it was necessary to appoint a second lead

---

[4] To the extent the Court were to *sua sponte* consider the "adequacy" of Tardio or his counsel, Faruqi & Faruqi, as a class representative or counsel for the class, respectively – which it should not – the recent bad press documenting the low reputation, poor results, and substantial legal issues now facing the Faruqi & Faruqi firm should disqualify it from consideration in terms of having any role in controlling litigation on behalf of a class of investors.  *See* Daniel Fisher, *Faruqi & Faruqi's Clouded Reputation Takes Another Hit with Sex Suit*, FORBES, Mar. 14, 2013, *available at* www.forbes.com/sites/danielfisher/2013/03/14/faruqi-faruqis-clouded-reputation-takes-another-hit-with-sex-suit/.

plaintiff to represent the interests of preferred shareholders).  In choosing to rely exclusively on *Franklin Bank*, Tardio ignores the numerous, recent authorities in this District – arising under fact patterns substantially similar to the one present here – all of which strongly deny the type of relief Tardio requests.  For example, Judge Chin denied the motions of several investors who sought to insert themselves into a securities class action against Bank of America because, *inter alia*, the Court-appointed lead plaintiff group did not seek to represent certain options traders.  *See In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09-mdl 2058, 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010).  The lead plaintiff group there represented "purchasers of Bank of America . . . common stock or preferred securities – but not purchasers of options or debt securities."  *Id.* at *1.  Certain debt security traders and options traders who were left out of the class definition filed complaints purporting to represent additional classes.  The debt security and options traders sought to consolidate their actions with that of the class of common and preferred stock purchasers and to be appointed as co-lead plaintiffs in the consolidated action.  *Id.* at *1.

Although the Court agreed that the actions brought by the debt security and options traders arose out of the same set of facts as the other action and thus merited consolidation, the Court explained that, "in a securities class action, ***a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class***."  *Id.* at *2. (emphasis added).  The Court observed that the lead plaintiff group, which had not yet asserted claims on behalf of debt security or options traders, was "still assessing whether to do so" and "should be given the opportunity to make this decision" on the merits of their investigation.  *Id*.  The Court therefore consolidated the actions brought by the debt security and options traders with the common and preferred stock

7

action, but denied the debt security and options traders' applications for appointment as lead plaintiffs. *Id.* at *3. Finally, the Court noted that the debt security and options traders were free to pursue their claims on an individual basis. *Id.*

The lead plaintiff group in *Bank of America* ultimately did *not* seek leave of the Court to amend the complaint to assert the options traders' claims, and the plaintiff seeking to represent options traders petitioned the Court by letter to permit his action to proceed. Judge Castel, to whom the case was assigned after Judge Chin's elevation to the Court of Appeals for the Second Circuit, rejected that petition. *See In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 10-cv-275 (PKC), 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011). Like Judge Chin, Judge Castel reasoned that because lead plaintiffs in securities class actions are empowered to determine, *inter alia*, the nature of the claims asserted, the statements on which the claims are based, the identities of the defendants, and the time period fixing the shareholder class, "a lead plaintiff necessarily makes determinations that limit the class of shareholders. Inevitably, any class definition establishes boundaries as to who may recover. Individuals excluded from the class may pursue individual claims, as Judge Chin recognized in his order of April 2010." *Id.* at *2.

Judge Kaplan has also considered and rejected a very similar motion to Tardio's. *See* PreTrial Order No. 9, *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09-mdl-2017 (LAK) (S.D.N.Y. Apr. 24, 2009), Dkt. No. 86. In the *Lehman* case, certain bondholder plaintiffs sought permission to pursue claims on behalf of Lehman Brothers Holdings, Inc. bondholders that were not part of the class defined and represented by the Court-appointed lead plaintiff group. The movants, like Tardio here, argued that "their claims … 'have, in effect, been abandoned'" because the lead plaintiff group, in its discretion, did not seek to pursue them. *Id.* The Court held that this assertion "would be true if, and only if, movants' counsel is conceding that they

have abandoned those claims. As they of course concede no such thing, the assertion is flatly incorrect." *Id.* The bondholder plaintiffs were, in other words, free to pursue their claims – but not to interfere with the strategic decision-making of the Court-appointed lead plaintiff group.

The Complaint filed by MPS in this action sets forth detailed factual allegations and evidentiary support that was developed only through an extensive investigation by Lead Counsel. MPS carefully evaluated the soundness of the legal claims and their bases. While the present Complaint does not allege claims on behalf of EDU options traders, MPS has not foreclosed the possibility to seek leave of Court in the future to amend the Complaint to include such claims, pursuant to Federal Rule of Civil Procedure 15(a), should MPS develop the factual and legal support for doing so, whether through its own continuing investigations or through formal discovery. Tardio's contention that the Complaint has caused his claims to be "abandon[ed]," Tardio Br. at 4, is therefore specious, both because MPS may seek leave to amend the Complaint to include such claims should it find adequate support for doing so, and because Tardio is free to file an individual action.

The *Franklin Bank* case from the Southern District of Texas, on which Tardio's Rule 60 Motion wholly depends, does not support a different result. Even if it were deemed persuasive authority, it is inapposite and easily distinguishable from the facts presently before the Court. *Franklin Bank* involved a situation in which a serious conflict of interest was demonstrated between the lead plaintiff (who represented only common stockholders) and a group of preferred stockholder movants. *Franklin Bank Corp.*, 2009 WL 1941864, at *2 (distinguishing the *Enron* case from a sister court where a similar "conflict of interest" claim was rejected because the movant "has made a stronger argument" that a real conflict existed between preferred and common stockholders). The facts in *Franklin Bank* (not present here), which demonstrated an

apparent conflict, were also coupled by a difference in the application of the law (*i.e.*, interpretation of the PSLRA) between the Fifth and Second Circuits at the time. In this regard, the *Franklin Bank* court recognized that the common shareholder lead plaintiffs had *conceded* that they did not have standing to pursue claims on behalf of preferred shareholders, and that is why they were not included in the consolidated complaint at issue. *Id.* at *3. According to the Second Circuit's interpretation of the PSLRA, however, the standing of common stockholders to represent a class of other securities-holders, in the proper circumstances, is not in doubt. *Hevesi*, 366 F.3d at 82 ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim."); *see also In re IMAX Sec. Litig.*, No. 06-cv-6128, 2011 WL 1487090, at *7 n.6 (S.D.N.Y. Apr. 14, 2011) (standing on every possible claim is not necessary for a lead plaintiff appointed pursuant to the PSLRA).

Tardio does not argue that MPS has any conflict of interest with any EDU investors, including options traders, and MPS in fact has no such conflicts. Nor does Tardio argue that the present Lead Plaintiff does not have standing to pursue claims of options traders based on the same core complaint. Thus, the outcome determinative factors in *Franklin Bank* are neither argued nor supported by Tardio here. Instead, just like in the *Bank of America* and *Lehman* securities cases, Tardio's motion represents little more than the second-guessing of the investigation and strategic decision-making of the Court-appointed Lead Plaintiff concerning the parameters used to define the class. But Tardio's motion here is worse: Tardio presents no legal authorities supporting the relief he requests, and submits no evidence whatsoever supporting his

adequacy as a lead plaintiff (let alone evidence of the current Lead Plaintiff's inadequacy) under the PSLRA. For these reasons, his motion must be denied.

## CONCLUSION

For the foregoing reasons, MPS respectfully requests that the Court deny Tardio's Rule 60 Motion in its entirety.

Dated: March 22, 2013

**GRANT & EISENHOFER, P.A.**

/s/ Daniel L. Berger
JAY W. EISENHOFER
DANIEL L. BERGER
485 Lexington Avenue
29th Floor
New York, NY 10017
(646) 722-8500
(646) 722-8501 (Fax)

JEFF A. ALMEIDA
KYLE J. MCGEE
123 Justison Street
Wilmington, DE 19801
(302) 622-7503
(302) 622-7100 (Fax)

*Lead Counsel on Behalf of Lead Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2013 the attached **Lead Plaintiffs' Memorandum of Law In Opposition To Julio Tardio's Motion for Relief from the Court's Lead Plaintiff Order and Declaration of Kyle J. McGee** were filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system.

/s/ Daniel L. Berger
Daniel L. Berger