**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**IN RE NEW ORIENTAL EDUCATION &**
**TECHNOLOGY GROUP SECURITIES**
**LITIGATION**                                        **12 Civ. 5724 (JGK)**

                                                     **OPINION AND ORDER**

------------------------------------------------

**JOHN G. KOELTL, District Judge:**

   The plaintiff, Julio Tardio, has moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from this Court's Order of October 25, 2012, that appointed Mineworkers' Pension Scheme ("MPS") as lead plaintiff and Grant & Eisenhofer, P.A. ("G&E") as lead counsel in this consolidated securities class action against New Oriental Education & Technology Group, Inc., Michael Minhong Yu, and Louis T. Hsieh (collectively "EDU").  Tardio seeks to be appointed as co-lead plaintiff, to have Faruqi & Faruqi, LLP, appointed as co-lead counsel, and to amend the Consolidated Amended Complaint ("CAC").  In the alternative, Tardio asks the Court to sever his action and allow it to proceed separately because lead counsel in this consolidated action has determined not to pursue claims of purchasers or sellers of options such as Mr. Tardio.

I.

This consolidated securities class action began with three separate class action complaints against EDU.  In July and August 2012, two different plaintiffs, Jennifer Sax and Matthew Gabel, filed separate class action complaints based on the same alleged facts asserting federal securities claims against EDU on behalf of all purchasers of EDU's American Depositary Shares ("ADSs").  See Compl. ¶ 1, Gabel v. EDU, (12 Civ. 5963) (S.D.N.Y. Aug. 3, 2012); Compl. ¶ 1, Sax v. EDU, (12 Civ. 5724) (S.D.N.Y. July 25, 2012).  On August 29, 2012, Tardio filed a similar class action complaint alleging federal securities claims against EDU on behalf of all purchasers and sellers of EDU option contracts and/or purchasers of EDU ADSs.  See Compl. ¶ 1, Tardio v. EDU, (12 Civ. 6619) (S.D.N.Y. Aug. 29, 2012).

On September 21, 2012, Tardio, MPS, and several other parties, moved for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions for appointment revealed that MPS had the largest financial stake in the litigation—making it the likely lead plaintiff—and thereafter the parties worked together toward formulating an order stipulating that MPS would be the lead plaintiff, G&E would be lead counsel, and the three actions

would be consolidated (the "Stipulation").  (Gonnello Decl. ¶¶ 3-6; <u>see</u> Gonnello Decl. Ex. B.)

On October 2, 2012, counsel for MPS emailed a draft of the Stipulation to Tardio's counsel.  (Gonnello Decl. Ex. A.)  The draft Stipulation provided that the three class actions were on behalf of "purchasers" of EDU securities.  (Gonnello Decl. Ex. A, Draft Stip. at 2.)  Tardio alleges that his counsel requested that the draft Stipulation be revised to cover both purchasers and sellers of EDU securities because Tardio had been a seller of options.  (Gonnello Decl. ¶ 5.)  On October 4, 2012, counsel for MPS emailed a revised draft Stipulation to Tardio's counsel and explained that the Stipulation had been revised "to cover both purchasers and sellers in the class . . . ."  (Gonnello Decl. Ex. B, at 1.)  The revised draft Stipulation provided that the three actions were "on behalf of purchasers and sellers of [EDU] securities."  (Gonnello Decl. Ex. B, Draft Stip. at 2.)  On October 25, 2012, this Court entered the Stipulation Order, which consolidated the three actions, appointed MPS as lead plaintiff, and appointed G&E as lead counsel.[1]

On December 10, 2012, MPS filed the CAC.  The CAC only asserts claims on behalf of purchasers of EDU ADSs.  (CAC ¶ 1.)

---

[1] The motions to consolidate the initial actions and to appoint lead plaintiff have never been closed on the docket sheets of the initial actions.  These motions were made moot by the Stipulation Order.  Therefore the motions are **denied without prejudice as moot.**

The CAC does not assert claims on behalf of purchasers or sellers of EDU option contracts or sellers of EDU ADSs. (See Gonnello Decl. ¶ 8.) On January 25, 2013, the defendants filed a motion to dismiss the CAC.

On February 1, 2013, counsel for MPS indicated that it would "not amend the [CAC] at this time" and would instead oppose the motion to dismiss. (Gonnello Decl. Ex. C.) On February 6, 2013, counsel for Tardio wrote a letter to MPS asserting that Tardio had agreed to the Stipulation because he believed that options contract sellers would be included in the class definition, and requested an explanation for the decision not to amend the Consolidated Complaint. (Gonnello Decl. Ex. D.) Tardio alleges that during subsequent telephonic conversations with MPS, counsel for MPS explained that the decision to exclude purchasers and sellers of option contracts from the class definition was intentional. (Gonnello Decl. ¶ 9.) On March 8, 2013, Tardio filed this motion currently before the Court.

At oral argument on this motion, the defendant requested the opportunity to file a supplemental memorandum in support of its position that the PSLRA prohibited severance of Tardio's claims from the consolidated action. Leave was granted to all parties to file supplemental memoranda in support of their positions, to address any new issues that were first raised

4

during oral argument, and to respond to each other's supplemental memoranda.  The supplemental memoranda have been received and reviewed.

**II.**

**A.**

Tardio seeks relief from the Stipulation Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Rule 60(b)(6) provides that a court "may relieve a party or its legal representative from . . . [an] order . . . for . . . any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The Rule "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case."  Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).  "Relief [under Rule 60(b)(6)] is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served."  United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) (internal quotation marks and citation omitted).

Tardio has not provided persuasive reasons to merit relief from the portion of the Stipulation Order appointing MPS lead plaintiff and Tardio will not be appointed as co-lead plaintiff

5

for the consolidated class action.  Where a lead plaintiff has omitted certain claims from the class definition, a party may not assert those claims and seek to become co-lead plaintiff on that basis.  See In re Bank of Am. Corp. Sec. Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig. ("BoA I"), No. 09 MDL 2058, 2010 WL 1438980, at *1-2 (S.D.N.Y. Apr. 9, 2010).  In BoA I, several securities actions were consolidated and lead plaintiffs and lead counsel were appointed.  2010 WL 1438980, at *1.  The lead plaintiffs brought claims on behalf of common stockholders and preferred securities holders, but not purchasers of options or debt securities.  Id.  Subsequently, several additional plaintiffs brought separate class actions arising out of the same events on behalf of options holders.  Id.  The additional plaintiffs moved to consolidate their actions together, but not with the existing consolidated action, and each moved for appointment as lead plaintiff.  Id. at *2.  The Court consolidated the cases with the existing consolidated action and declined to appoint any of the options plaintiffs as co-lead plaintiff because the "lead plaintiff is empowered to control the management of the litigation," and "[p]ermitting other plaintiffs to bring additional class actions now, with additional lead plaintiffs and additional lead counsel, would interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions."  Id. (citing Hevesi v.

6

Citigroup Inc., 366 F.3d 70, 82 n.13 (2d Cir. 2004) ("[A]ny requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole.")).

Tardio will not be appointed co-lead plaintiff. MPS was appointed lead plaintiff and Tardio has not raised any issues regarding MPS's adequacy to represent the class in the consolidated securities action. MPS is not required to have standing to represent all possible claims in order to be appointed lead plaintiff, and Tardio does not have a right to become co-lead plaintiff simply by asserting claims not asserted by the lead plaintiff. See Hevesi, 366 F.3d at 82. Although Tardio relies on a case that appointed a co-lead plaintiff under circumstances similar to this case, that authority is from the Fifth Circuit, and the court in that case relied on a real conflict between classes of securities holders, as well as on Fifth Circuit law on standing that is different from the law in the Second Circuit. See Harold Roucher Trust U/A DTD 09/21/72 v. Franklin Bank Corp., No. 08 Civ. 1810, 2009 WL 1941864, at *2-3 (S.D. Tex. July 6, 2009) (appointing a separate lead plaintiff to represent preferred stockholder class because of a real conflict between common and preferred stockholders and

7

because under Fifth Circuit law a court will appoint a co-lead plaintiff if a lead plaintiff lacks standing to pursue all claims).

**B.**

Although Tardio will not be appointed co-lead plaintiff in the consolidated class action, the next issue is whether Tardio should be granted relief from the Stipulation Order insofar as the Stipulation Order consolidated his case with the other actions.  In his supplemental memorandum, Tardio argued that if denied co-lead plaintiff status, he should be permitted to lead a separate putative class action on behalf of the options class. MPS similarly argued in its supplemental brief that in lieu of making Tardio a co-lead plaintiff, Tardio's action should be severed from the consolidated action.  EDU counter-argued that if Tardio is not appointed co-lead plaintiff, Tardio's action should not be severed.  In order to protect the claims of the options class Tardio seeks to represent, Tardio's action shall be severed from the consolidated class action.

Contrary to the defendants' position at oral argument, consolidation is not mandatory under the PSLRA.[2]  See In re Cent. European Distrib. Corp. Sec. Litig. ("CEDC"), No. 11 Civ. 6247,

---

[2] Contrary to its position at oral argument, in its supplemental memoranda to the Court EDU did not argue that the PSLRA mandated consolidation or prohibited severance.

8

2012 WL 5465799, at *8 (D.N.J. Nov. 8, 2012); cf. Prefontaine v. Research in Motion Ltd., No 11 Civ. 4068, 2012 WL 104770, at *1 (S.D.N.Y. Jan. 5, 2012).  In CEDC, a securities class action ("CEDC I") was consolidated under the PSLRA with another similar securities class action in the United States District Court for the District of New Jersey.  2012 WL 5465799, at *3.  A lead plaintiff and lead counsel were appointed to represent a class of common stockholders.  Id.  Subsequently, two additional securities class actions ("Grodko" and "Puerto Rico") against the same defendant making the same types of legal claims were transferred into the District of New Jersey from the Southern District of New York and were consolidated with the CEDC I action.  Id. at *1.  Unlike the CEDC I action, the classes in both the Grodko and Puerto Rico actions included not only common stockholders but purchasers of all the defendant's securities.  Id. at *4.  The district court de-consolidated the Grodko and Puerto Rico actions from the original consolidated action, consolidated them separately, and coordinated the discovery of both consolidated actions.  Id. at *7-8.  Referring specifically to the Grodko action, the district court held that "[c]onsolidation is unwarranted when prejudice would result.  [Lead plaintiffs] have indicated that they will not prosecute the Grodko action claims.  The Court would prejudice [the] Grodko [plaintiffs] . . . by subjecting them to a lead plaintiff

9

that would neglect their claims." Id. at *9. In this case, like CEDC, the lead plaintiff has indicated that it will not prosecute the claims of the options class. Therefore, the appropriate remedy at this early stage of the litigation is severance.

Moreover, without severance, the statute of limitations may run on the claims of members of the options class Tardio seeks to represent. Under American Pipe, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Am. Pipe Constr. Co. v. Utah, 414 U.S. 538, 554 (1974). However, when a consolidated class action complaint redefines a class more narrowly than the prior individual complaints, and no longer asserts claims on behalf of a portion of the consolidated class, the statute of limitations is no longer tolled under American Pipe for that "abandoned" subclass. See In re IndyMac Mortg.-Backed Sec. Litig., 793 F. Supp. 2d 637, 644 (S.D.N.Y. 2011); see, e.g., Ganousis v. E.I. du Pont de Nemours & Co., 803 F. Supp. 149, 155-56 (N.D. Ill. 1992) (tolling ceased when class was narrowed to exclude plaintiff); Ross v. Warner, 80 F.R.D. 88, 91 (S.D.N.Y. 1978) ("[T]he limitations period will begin to run again as to those claims when the group is excluded by the Second Amended Complaint."). MPS has indicated that although it

10

has not brought claims on behalf of options buyers or sellers, it may amend the complaint to do so in the future. However, in the interim, the statute of limitations for options holders is running. Although the court in BoA I allowed the lead plaintiff time to consider whether to bring claims on behalf of groups that the consolidated class action complaint failed to cover in its class definition, the court did not consider the statute of limitations repercussions for the members of the temporarily abandoned class. See 2010 WL 1438980, at *2-3.

EDU argues that the case should not be severed and relies on a subsequent ruling in the Bank of America litigation; however that decision is also distinguishable. See In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litigation ("BoA II"), 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011). In BoA II, after an amended class action complaint did not assert claims on behalf of certain options traders, a new plaintiff sought to bring a class action on behalf of those options traders. Id. at *1. The new plaintiff argued that because the lead plaintiff lacked standing to bring the claims on behalf of options traders, the new plaintiff should be allowed to bring a class action on behalf of the options class. Id. The court disagreed and held that, although the new plaintiff could pursue his claims individually, the new plaintiff could not bring a class action on behalf of options

11

holders because that would interfere with the authority of the lead plaintiff to define the class. Id. at *1-2. The court in BoA II, like the court in BoA I, did not consider the statute of limitations repercussions for the affected plaintiffs, and unlike this case, the new plaintiff in BoA II had not stipulated to a lead plaintiff based on representations that the options class would be included in the action. See id.

The potential repercussions for the abandoned class argue in favor of severance of Tardio's action from the consolidated class action complaint. Although MPS claims that it may at some point in the future amend the consolidated class action complaint, the abandoned options subclass is not protected by MPS's ambiguous litigation position.

EDU argues that rather than sever the Tardio action, Tardio should be made a co-lead plaintiff. However, as discussed above, Tardio has not demonstrated that the lead plaintiff provision of the Stipulation should be vacated or that MPS is an inadequate lead plaintiff. Moreover, as the district court in CEDC explained when it similarly chose to sever the Grodko action rather than make Grodko a co-lead plaintiff, "if the Court vacated [the] lead plaintiff appointment, the Court would prejudice [the current lead plaintiffs] and the entire CEDC I class." 2012 WL 5465799, at *9.

12

EDU also argues that allowing severance in this case will result in an "ecosystem" of additional class actions for all of the claims that the lead plaintiff excises from the consolidated class action, frustrating the purpose of the PSLRA to allow the lead plaintiff to control the litigation.  However, there is no evidence of any additional plaintiffs waiting in the wings, and severing the Tardio complaint is no assurance that it will survive a motion to dismiss or that a class represented by Tardio will ever be certified.  Moreover, Tardio is in a different position from subsequent plaintiffs who seek to bring new actions.  He was one of the original plaintiffs and his claims were apparently being represented by the lead plaintiff at the time of consolidation.  EDU's argument is mere speculation that can be addressed if new situations arise in the course of the litigation.

MPS also argues that it has concluded in good faith that the options class claims cannot be pursued as a class action because the claims cannot satisfy certain class certification requirements.  However, Tardio represents that the claims have sufficient merit to be pursued without violating Rule 11 of the Federal Rules of Civil Procedure.  Denial of severance would have the effect of peremptorily dismissing the options class claims without any briefing on whether such a dismissal was

13

warranted. If the claims of the options class are without merit, they can be disposed of on a motion to dismiss.

Finally, the course of conduct between the parties supports severance of Tardio's action. The evidence indicates that Tardio agreed to the Stipulation in part because options sellers were included in the consolidated action. The subsequent narrowing of the class definition in the consolidated action undermined that initial basis for Tardio's acceptance of the Stipulation. If the lead plaintiff motions were litigated and were not the subject of a stipulation, the Court would have considered how to protect the potential members of an options class. Therefore, in order to protect the potential options class, Tardio's case is severed and Tardio may pursue his claims on an individual basis and can seek to have a class certified if he can satisfy all of the requirements for such a class action.

Tardio's case may proceed separately on a related, but not consolidated basis with the consolidated securities action. See, e.g., CEDC, 2012 WL 5465799, at *10-12; cf. BoA I, 2010 WL 1438980, at *2. In order to ensure effective coordination and to ensure that EDU is not prejudiced by duplicative discovery requests, the Court hereby orders that the MPS and Tardio actions shall be coordinated for discovery and case management purposes. See CEDC, 2012 WL 5465799, at *12. If, at the conclusion of discovery, any party believes that consolidation

14

for trial is warranted, the Court can revisit the issue at that time.  Id.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the motion for relief is **granted in part. Tardio's action shall be severed from the consolidated action. The Clerk of Court is directed to close docket nos. 7, 11, 14, 17, and 31.  The Clerk of Court is further directed to close docket no. 11 in 12 Civ. 5963 and docket no. 5 in 12 Civ. 6619. SO ORDERED.**

**Dated:    New York, New York**
**May 6, 2013**                            _____/s/_____
                                             **John G. Koeltl**
                                   **United States District Judge**